775 So.2d 324 (2000)
J.P., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-1736.
District Court of Appeal of Florida, Second District.
June 23, 2000.
James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Neimand, Assistant Attorney General, Miami, for Appellee.
James D. Palermo, City Attorney, and Jerry M. Gewirtz, Assistant City Attorney, Tampa, for the City of Tampa, Amicus Curiae.
DAVIS, Judge.
J.P. appeals the trial court's adjudication of delinquency, which stems from his violation of Tampa's juvenile curfew ordinance. See Tampa, Fla., Code § 14-26(c) (1996). We hold that Tampa's juvenile curfew ordinance is constitutional and affirm.
In December 1996, the State charged J.P. with violating the ordinance. J.P. pleaded not guilty and thereafter moved the trial court to declare the ordinance unconstitutional. The trial court denied the motion. J.P. subsequently changed his plea to no contest, and the trial court adjudicated J.P. delinquent.
On appeal, J.P. raises essentially the same arguments recently addressed by this court in State v. T.M., 761 So.2d 1140 (Fla. 2d DCA 2000). We believe juvenile curfew ordinances are subject to heightened scrutiny. See id. at 1145, 1146. Applying heightened scrutiny, we note that *325 the ordinance contains adequate exceptions which limit the scope of the curfew, and focus enforcement on the prevention of juvenile crime and victimization. See § 14-26(d). As in T.M., we conclude that the City of Tampa could rely on the curfew experiences of other cities when enacting its ordinance. See T.M., 761 So.2d at 1146. Thus, we conclude that the curfew is substantially related to an important government interest. See id. at 1145, 1146. Finally, we also conclude that the ordinance imposes penalties which are consistent with state law. See id. at 1149.
We again certify the following questions of great public importance:
WHAT LEVEL OF SCRUTINY MUST A COURT APPLY WHEN REVIEWING THE CONSTITUTIONALITY OF A JUVENILE CURFEW ORDNANCE?
WHETHER THE TAMPA JUVENILE CURFEW ORDINANCE IS CONSTITUTIONAL?
Affirmed.
CASANUEVA, J., Concurs.
NORTHCUTT, A.C.J. Dissents with opinion.
NORTHCUTT, J., dissenting.
I respectfully dissent. See State v. T.M., 761 So.2d 1140 (Fla. 2d DCA 2000) (Northcutt, J., dissenting).